UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| United States of America, | ) | Cr. No.: 6:11-cr-02026-GRA-5 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | **ORDER** |
| Derrick Jermaine McGee, | ) | (Written Opinion) |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter comes before the Court upon Defendant Derrick Jermaine McGee's ("Defendant") motion for a reduction in the term of imprisonment based on a Guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission ("the Commission") pursuant to the Fair Sentencing Act of 2010 and 28 U.S.C. § 994(o). ECF No. 700. For the following reasons, Defendant's motion is DENIED.

## Standard of Review

Defendant brings this motion *pro se*. This Court is required to construe *pro se* motions liberally. Such motions are held to a less stringent standard than those drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). A court may not construct the movant's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417–418 (7th Cir. 1993), nor is a district court required to recognize "obscure or extravagant claims defying the most concerted efforts to unravel them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986).

## Discussion

Section 3582(c)(2) of Title 18 of the United States Code provides that when a defendant's sentencing range has been lowered by the Sentencing Commission under the United States Sentencing Guidelines, the Court may reduce the term of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission.

The Fair Sentencing Act of 2010 statutorily changed the threshold quantities of cocaine base, or "crack cocaine," that trigger mandatory minimum sentences under 21 U.S.C. § 841(b) and directed the Sentencing Commission to amend the Guidelines to reflect these new levels "as soon as practicable." Fair Sentencing Act of 2010, Pub. L. No. 111–220, § 8(1), 124 Stat. 2372 (2010). Thus, the Sentencing Commission promulgated Amendment 750, which became effective on November 1, 2011, and was made retroactive. This amendment adjusts the base offense level assigned to each threshold quantity of cocaine base, or "crack cocaine" and "had the effect of lowering the 100–to–1 crack-to-powder ratio to 18–to–1. " *Dorsey v. United States*, 567 U.S. ___, 132 S. Ct. 2321, 2329 (2012), U.S.S.G. App. C, Amend. 750 (Nov. 1, 2011) (succeeding the temporary emergency amendment, Amendment 748, enacted on November 1, 2010).

In this case, Defendant was sentenced after the Fair Sentencing Act went into effect. On March 28, 2012, Defendant pled guilty to one count of conspiracy to distribute 280 grams or more of crack cocaine and five (5) kilograms or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). ECF No. 494. Under the 2012 United States Sentencing Guidelines, Defendant's guideline range for the offense was 140 to 175 months imprisonment. U.S.S.G. §§ 2D1.1(c), Ch. 4 Pt. A (Criminal History), and Ch. 5 Pt. A (Sentencing Table). At the time of Defendant's sentencing, the Guidelines

had already been amended to reduce the disparity between crack cocaine and powder cocaine offenses.

On June 13, 2012[1], this Court sentenced Defendant to a term of 120 months imprisonment, followed by five (5) years of supervised release—a sentence below Defendant's guideline range. ECF No. 594. Defendant's sentence was based on the statutory mandatory minimum term of ten years (120 months) imprisonment as required under the Fair Sentencing Act for the offense of conspiracy to distribute 280 grams or more of crack cocaine and five (5) kilograms or more of cocaine. 21 U.S.C. §§ 841(a)(1) and 841(B)(1)(A). Defendant's sentence is consistent with the provisions of the Fair Sentencing Act; therefore, Defendant is not entitled to a sentence reduction pursuant to 18 U.S.C. § 3582(c). Furthermore, the amended Guidelines were already in effect at the time that Defendant was sentenced.

## Conclusion

Having calculated and considered the sentencing guidelines, the relevant statutory sentencing factors contained in 18 U.S.C. § 3553(a), the Fair Sentencing Act of 2010, and the advisory nature of the Sentencing Guidelines, it is the judgment of this Court that all provisions of Defendant's previously imposed sentence shall remain in full force and not be reduced. Defendant was originally sentenced under the 2012 United States Sentencing Guidelines as amended by Amendment 750 and the provisions of the Fair Sentencing Act of 2010.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Reduction of Sentence is **DENIED**.

**IT IS SO ORDERED.**

---

[1] Defendant's judgment and commitment order were entered on June 15, 2012.

G. Ross Anderson, Jr.
Senior United States District Judge

March  6 , 2013
Anderson, South Carolina

### NOTICE OF RIGHT TO APPEAL DECISION

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Defendant has the right to appeal this Order within **fourteen (14)** days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**