UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Derrick Jermaine McGee, | ) | |
| | ) | |
| Petitioner, | ) | Cr. No.: 6:11-cr-2026-GRA-5 |
| | ) | C/A No.: 6:12-cv-01335-GRA |
| v. | ) | |
| | ) | **ORDER** |
| | ) | (Written Opinion) |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

     This matter comes before the Court on Petitioner Derrick Jermaine McGee's ("Petitioner's") Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion"). The Government has filed a Response to the § 2255 Motion and moves for Summary Judgment as to Petitioner's § 2255 Motion. For the reasons set forth below, Petitioner's Motion under 28 U.S.C. § 2255 is DENIED and the Government's Motion for Summary Judgment is GRANTED.

## Background

     On August 9, 2012, a federal grand jury returned an Indictment charging Petitioner with conspiracy to distribute 280 grams or more of crack cocaine and 5 kilograms or more of cocaine, in violation of 21 U.S.C. § 846 and 21 U.S.C. §§ 841(a)(1) & (b)(1)(A)  (Count 1), and distribution of a quantity of crack cocaine (Counts 18, 19, & 45). ECF No. 2. On March 28, 2012, Petitioner pled guilty to Count 1 of the Indictment, pursuant to a plea agreement. ECF Nos. 466 & 495.

On June 15, 2012, this Court sentenced Petitioner to the mandatory minimum prison term of 120 months to be followed by 5 years of supervised release. ECF No. 594. Petitioner appealed, contending that this Court committed error by failing to hold an evidentiary hearing to determine whether the Government's refusal to seek a downward departure for substantial assistance was improper. *United States v. McGee*, 502 F. App'x 305 (4th Cir. 2012). On December 28, 2012, the Fourth Circuit Court of Appeals affirmed this Court's judgment. *Id.*

Petitioner timely filed this *pro se* § 2255 Motion on May 14, 2013.[1] ECF No. 731. The Government filed a response in opposition to the §2255 Motion and moved for summary judgment on June 24, 2013. ECF Nos. 740 & 741. Petitioner was advised to respond to the Government's motion for summary judgment pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), by August 1, 2013. ECF No. 744. Petitioner did not file a response.

## Standard of Review

Petitioner brings this motion *pro se*. District courts are required to construe liberally pleadings filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam). Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The liberal construction requirement does not mean that a court can ignore a clear failure to allege facts that set forth a claim cognizable in a federal district court.

---

[1] Prisoner petitions are deemed filed at the time that they are delivered to prison mailroom to be forwarded to the court clerk. *Houston v. Lack*, 487 U.S. 266, 276 (1988).

*See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Liberal construction means that if the court can reasonably read the pleadings to state a valid claim on which the party could prevail, it should do so; however, a district court may not rewrite a motion to include claims that were never presented, *see Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), construct the party's legal arguments for him, *see Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Section 2255 provides that a prisoner in custody under a federal court's sentence may petition the court that imposed the sentence to vacate, set aside, or correct the sentence. The court may grant relief on the following grounds: (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the court lacked jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). Generally, a petitioner must prove these grounds by a preponderance of the evidence. *See Miller v. United States*, 261 F.2d 546, 546 (4th Cir. 1958) (per curiam). In deciding a motion under § 2255, the court need not hold a hearing if the motion and the case record "conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The Court has thoroughly reviewed the party's motions and the record in this case, and finds that no hearing is necessary.

Here, Respondent has filed a Motion for Summary Judgment. "The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56. At the summary judgment stage, the Court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Anderson v. Liberty Lobby Inc.*, 447 U.S. 242, 255 (1986).

## Discussion

Petitioner raises three grounds for relief in the §2255 Motion. First, Petitioner claims that his attorney rendered ineffective assistance, because he misinformed Petitioner that he would receive "a 5K1.1 downward departure upon ple[a]ding guilty to the indictment." Second, Petitioner argues that the Court miscalculated his criminal history category. Finally, Petitioner contends that the Court did not allow him to allocute before imposing the sentence. § 2255 Motion, ECF No. 731. The Government counters that Petitioner's claims are without merit. ECF No. 740.

**I. Ineffective Assistance of Counsel**

Petitioner claims that his attorney rendered ineffective assistance, because he advised Petitioner that he would receive "a 5K1.1 downward departure upon ple[a]ding guilty to the indictment." § 2255 Motion, ECF No. 731. Petitioner alleges that in the absence of his attorney's misrepresentation, he would not have entered a plea of guilty. The Government contends that this claim is without merit, because Petitioner has failed to show that his counsel's performance was deficient

or that he was prejudiced by his counsel's conduct. Resp. in Opp'n to § 2255 Motion 7, ECF No. 740.

To prevail on a claim of ineffective assistance of counsel, a petitioner must show that (1) his counsel's performance fell below an objective standard of reasonableness; and (2) "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). With respect to reasonableness, the court must determine the reasonableness of the challenged conduct on the facts of the particular case at the time of the attorney's conduct. *Id.* at 690. The attorney's conduct must be "'within the range of competence demanded of attorneys in criminal cases.'" *Id.* at 687 (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)). There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." *Id.* at 689 (directing that "[j]udicial scrutiny of counsel's performance must be highly deferential"). To establish prejudice in the context of a guilty plea, the habeas petitioner must show "'that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Burket v. Angelone*, 208 F.3d 172, 189 (4th Cir. 2000) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

Furthermore, "[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding. Virtually every act or omission of counsel would meet that test, and not every error that conceivably could have influenced the outcome undermines the reliability of the result of the

proceeding." *Strickland*, 466 U.S. at 693 (internal citations omitted).  Thus, even if counsel's performance falls outside the wide range of professional assistance, an error by counsel will not warrant setting aside the conviction if the error likely had no effect on the judgment.  *Id.* at 694.   Finally, court need not make a determination concerning the attorney's performance if it is clear that no prejudice resulted.  *See id.* at 697.

Here, Petitioner's argument is without merit, because he has failed to demonstrate that he was prejudiced by his attorney's conduct.  Pursuant to 18 U.S.C. §3553(e), "[u]pon motion of the Government," a sentencing court may impose a sentence below the statutory minimum "to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense."   Likewise, under §5K1.1 of the United States Sentencing Guidelines ("U.S.S.G."), a sentencing court may depart from the advisory Guidelines range, if the Government files a motion "stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense."

As outlined in the Plea Agreement that Petitioner signed, the decision to file a substantial assistance motion is within the sole discretion of the Government. Plea Agreement Par. 11, ECF No. 466 (emphasis added) ("*Provided* the Defendant cooperates pursuant to the provisions of this Plea Agreement, *and* that cooperation is deemed by the Government as providing substantial assistance . . . . the Government agrees to move the Court for a downward departure . . . .); *see United*

*States v. Butler*, 272 F.3d 683, 686 (4th Cir. 2001). The Plea Agreement also contains the following provision: "any and all other promises, representations and statements, whether made prior to, contemporaneous with or after this Agreement are null and void." Plea Agreement Par. 18, ECF No. 466.

Prior to the guilty plea hearing, Petitioner completed and signed a Petition to Enter Plea of Guilty. The Petition states that "[b]efore the judge may impose a sentence below a mandatory minimum term, the United States Attorney must file a motion recommending a lesser sentence. The United States Attorney has the discretion to file such a motion if the person provides substantial assistance in the investigation or prosecution of another person. Do you understand this?" Pet. to Enter Plea of Guilty, Question 35, ECF No. 493. Petitioner answered "Yes" to this question. *Id.* Petitioner also affirmed that no one promised him anything in order to induce him to plead guilty. *Id.*, at Question 44. The Petition was reviewed on the record at the guilty plea hearing. Change of Plea Hearing Tr. 14–32, ECF No. 638. The Assistant United States Attorney ("AUSA") also went over the Plea Agreement at the guilty plea hearing and stated that the Government agrees to move the Court for a downward departure "provided" Defendant cooperates and the "cooperation is deemed by the Government as providing substantial assistance in the investigation or prosecution of another person who's committed an offense." *Id.* at 35. Petitioner entered his guilty plea subsequent to the Petition to Enter Plea of Guilty and the Plea Agreement being reviewed on the record.

Furthermore, Defendant clearly understood that even if the Government filed a substantial assistance motion, the Court is under no obligation to grant such a motion.  At the sentencing hearing, Petitioner's attorney stated that he had discussed a potential substantial assistance motion with Petitioner and "that the court could go below the 10 years if [the court] believed it to be appropriate." Sentencing Tr. 4, ECF No. 639.  In addition, the Plea Agreement states that "the matter of sentencing is within the sole discretion of the Court . . . . The Defendant also understands that Defendant's sentence has not yet been determined by the court, and that any estimate of a probable sentencing range Defendant may have received from Defendant's attorney . . . is only a prediction, not a promise, and is not binding on the Government . . . or the Court." Plea Agreement Par. 4, ECF No. 466.  Similarly, in the Petition to Enter Plea of Guilty, Petitioner affirmed that he understood that "the sentence you will receive is solely a matter for the judge to decide." Pet. to Enter Plea of Guilty, Question 19, ECF No. 493.

In conclusion, Petitioner was not prejudiced by counsel's conduct because he was informed prior to entering his guilty plea that it is solely within the Government's discretion to file a substantial assistance motion.  The record reveals that Petitioner was also aware that such a motion would not be binding upon the Court.  Petitioner has failed to demonstrate that "'that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Burket v. Angelone*, 208 F.3d 172, 189 (4th Cir. 2000) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).  Accordingly,

the Court finds that the claim is without merit and that summary judgment for the Government is appropriate as to Petitioner's ineffective-assistance-of-counsel claim.

**II. Criminal History Category**

Second, Petitioner claims that the Court miscalculated his criminal history points and thus his criminal history category was wrong. Petitioner argues that the correct criminal history category is Criminal History Category II which would lower his advisory Guidelines range to 97 to 121 months. At the sentencing hearing, the AUSA noted that Petitioner had filed objections to the Presentence Report ("PSR") related to the criminal history category calculation, and stated that the Government would agree to a reduced Guidelines range. Sentencing Tr. 2–3, ECF No. 639. A Total Offense Level of 29 and a Criminal History Category of II results in an applicable Guidelines range of 97 to 121 months imprisonment. U.S.S.G. Ch. 5, Pt. A (Sentencing Table). However, Petitioner was facing a statutory minimum sentence of 120 months imprisonment; thus, the Guidelines range became 120 to 121 months. The Court sentenced Petitioner to a term of 120 months imprisonment, a sentence within the range that Petitioner contends was appropriate under the Guidelines; therefore, the Court finds that this claim is without merit.

**III. Failure to Allow the Defendant to Allocute**

Finally, Petitioner argues that the Court did not allow him to allocute prior to imposing its sentence. The Government contends that this argument has no merit because (1) the Court allowed Petitioner to speak, albeit after his sentence was

imposed; and (2) Petitioner was sentenced to the statutory minimum; thus, there is not a possibility that he could have received a shorter sentence had he spoken. Resp. in Opp'n to § 2255 Motion 10, ECF No. 740.

In *Hill v. United States*, 368 U.S. 424, 428–29 (1962), the Supreme Court held that "[t]he failure of a trial court to ask a defendant represented by an attorney whether he has anything to say before sentence is imposed is not of itself an error of the character or magnitude cognizable under a writ of habeas corpus. . . . Whether § 2255 relief would be available if a violation of [Rule 32] occurred in the context of other aggravating circumstances is a question we do not consider." Subsequently, the Fourth Circuit addressed a failure-to-allow-allocution claim in the context of a direct criminal appeal. *United States v. Lewis*, 10 F.3d 1086 (1993). In *Lewis*, the defendant did not make an objection regarding the failure to allow allocution to the sentencing court, but raised the issue on appeal. *Id.* at 1092. The Fourth Circuit concluded that a denial of the opportunity for allocution will not result in a *per se* reversal. *Id*. Rather, the Court will "'examine each case to determine whether the error was prejudicial.'" *United States v. Cole*, 27 F.3d 996, 999 (4th Cir. 1994).

Here, Petitioner was not prejudiced by any error of this Court for failing to inquire about Petitioner's right to allocute prior to the Court's imposition of the sentence. *See United States v. Muhammad*, 478 F.3d 247, 251 (4th Cir. 2007) (holding that a defendant was prejudiced by the district court's denial of defendant's right to allocute, because the "possibility remain[ed]" that he could

have received a lesser sentence); *Lewis*, 10 F.3d at 1092 (4th Cir. 1993) (holding that a defendant was not prejudiced by the district court's denial of allocution, because there was no possibility that he could have received a shorter sentence). Petitioner was sentenced to the mandatory minimum prison term of 120 months and this Court could not have imposed a more lenient sentence. Furthermore, the Court notes that Petitioner was given an opportunity to speak subsequent to the imposition of the sentence. Sentencing Tr. 12, ECF No. 639. Petitioner stated that he wanted to apologize and accept responsibility for his mistakes. *Id.*

Therefore, the Court finds that Petitioner's claim is without merit and summary judgment for the Government as to this claim is appropriate.

## Conclusion

A review of Petitioner's § 2255 Motion and the record plainly shows that Petitioner is not entitled to relief. Therefore, this Court shall deny the Motion. The Court declines to issue a certificate of appealability in this matter.[2]

**IT IS THEREFORE ORDERED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 is DENIED. The Government's Motion for Summary Judgment is GRANTED, and this matter is DISMISSED, with prejudice.

**IT IS SO ORDERED.**

---

[2] When a district court issues a final ruling on a habeas petition, the court must issue or deny a certificate of appealability. *See* Rule 11(a) of the Rules governing 28 U.S.C. §§ 2254 & 2255. The Court has reviewed its order and, pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 cases, declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473 (2003) (holding that, to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong").

G. Ross Anderson, Jr.
Senior United States District Judge

August 15, 2013
Anderson, South Carolina